IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| CHRIS OKECHUKWU EGBUNA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:15-CV-0153 |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY FOR FAILURE TO PAY FILING FEE

Petitioner has attempted to initiate a federal habeas corpus proceeding in this Court. Petitioner has not, however, submitted any payment to satisfy the requisite filing fee but, instead, has submitted an Application to Proceed *In Forma Pauperis* together with a certified *in forma pauperis* data sheet from the institution in which he is confined. Petitioner's data sheet reflects a balance of $236.38 as of May 14, 2015. Moreover, the data sheet also reflects receipt of deposits totaling $238.80 during the three-month period prior to attempting to initiate this proceeding, and an average six month balance of $104.90.

Petitioner does not qualify for a grant of pauper's status. Petitioner possesses, has possessed, or has had access to, the funds needed to pay the $5.00 filing fee in the instant cause and should have included such payment with the submission of his application or subsequent to such

submission. Petitioner's application should be DISMISSED for failure to pay the requisite fee.

The undersigned further notes petitioner is challenging the result of a prison disciplinary proceeding in his habeas application. In order to challenge a state prison disciplinary adjudication by way of a federal petition for a writ of habeas corpus, a petitioner <u>MUST</u>, at a minimum, be eligible for release on mandatory supervision <u>**AND**</u> have received a punishment sanction that included forfeiture of <u>previously accrued</u> good time credits. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000).

In his habeas application, petitioner advises he is in respondent's custody pursuant to an October 3, 2011 conviction for the offense of aggravated assault with a deadly weapon out of Fort Bend County, Texas, and the resulting 11 ½-year sentence. Petitioner also acknowledges his conviction contained a deadly weapon finding but, nonetheless, contends he is eligible for mandatory supervised release. *See* Questions 15 -16. Petitioner's conviction for aggravated assault with a deadly weapon renders him ineligible for mandatory supervised release, *see* Tex. Gov't Code § 508.149(a)(7), as does the deadly weapon finding. *See* Tex. Gov't Code § 508.149(a)(1).

In his habeas application, petitioner also acknowledges he did not lose previously earned good-time days as a result of the disciplinary proceeding herein challenged.[1] *See* Question 18. Petitioner's failure to receive a punishment sanction that included forfeiture of <u>previously accrued</u> good time credits, in addition to his ineligibility for mandatory supervised relief, preclude this court from hearing petitioner's challenge to the state prison disciplinary proceeding subject or granting federal habeas corpus relief.

---

[1] Petitioner also indicates he is not eligible for release to mandatory supervision. *See* Question 16.

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that petitioner's application to proceed *in forma pauperis* be DENIED, and that the habeas application filed by petitioner be DISMISSED for failure to pay the $5.00 filing fee.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this ___21st___ day of May 2015.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the

unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).

**If petitioner pays the $5.00 filing fee within fourteen (14) days after the "entered" date of this Report and Recommendation the recommendation of dismissal will be withdrawn.**

**If, within fourteen (14) days after the "entered" date of this Report and Recommendation, petitioner submits to this Court evidence that he has authorized his institution to disburse the requisite funds from his trust account by properly completing and submitting to the prison a Form I-25 entitled "Inmate Request for Withdrawal," this case will be held in abeyance for thirty (30) days from the date of the Form I-25, pending receipt of the filing fee. If payment has been received during the 30-day time period, the recommendation of dismissal will be withdrawn. If no payment has been received at the end of the 30-day time period, the case will remain subject to dismissal. It is petitioner's responsibility to monitor the disbursement of the requisite funds from his trust account, and ensure that such funds have been withdrawn and transmitted to the Court. Petitioner shall advise the Court, prior to the expiration of the 30-day period, as to any legitimate reason why the funds will not be received by the Court within the time period.**

**Petitioner is advised that the payment of the filing fee will not guarantee that this Court will reach the merits of petitioner's application.**